In the United States District Court
For the District of Rhode Island

Darcy W. Forbes, Pro Se
   Plaintiff,
v.
Ashbel T. Wall, et. al
   Defendants.

FILED
2014 OCT 17 A 11:21
Case No. 14-322-ML
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

## Plaintiffs Amended Complaint

### I. Parties - Plaintiff

1.) Plaintiff Darcy W. Forbes, at all times relevant was confined by the Adult Correctional Institution (A.C.I) at the High Security Center (H.S.C)

### - Defendants -

2.) Defendant William Galligan, is the segregation lieutenant for the H.S.C on first shift. He is being sued in his personal and offical capacities.

3.) Defendant Robert Sayles, is the Grievance Coordinator Lieutenant for the H.S.C on first shift. He is being sued in his personal and offical capacities.

4.) Defendant Doyle, is the Lieutenant for H.S.C on first shift. He is being sued in his personal and offical capacities.

5.) Defendant Jack Ward, is the chairman of the classification board. He is being sued in his own personal and offical capacities.

Continued Parties,

6.) Defendant Antony Amaral, is the Adult Counselor for the H.S.C he is being Sued in his own personal and Offical capacities.

7.) Defendant Katalin Bouchard, is the Mental Health Counselor for the H.S.C She is being Sued in her own personal and Offical capacities.

8.) Defendant Stevan Calise, is a Correctional officer at the H.S.C first shift. He is being Sued in his personal and Offical Capacities.

9.) Defendant Clive Porter, is a Correctional officer at the H.S.C Second shift. He is being Sued in his own personal and Offical Capacities.

10.) Defendant Duarte, is a Correctional officer at the H.S.C first shift. He is being Sued in his own personal and Offical Capacities.

11.) Defendant Howard, is a Correctional officer at the H.S.C first shift. He is being Sued in his own personal and Offical Capacities.

## II. Jurisdiction

12.) Jurisdiction of this Court is Invoked pursuant to 28 U.S.C § 1331 in that this is a Civil action arising

continued Jurisdiction, under the Constitution of the United States.

13.) Jurisdiction of the Court is Invoked pursuant to 28 U.S.C § 1343 (A)(3) in that this action seeks to redress the deprivation under color of state law, of rights Secured by acts of Congress providing for equal rights of persons within the jurisdiction of the United States.

## III. Factual Statement.

14.) On Jan. 17th, 2014 plaintiff was moved to the High Security Center from the Intake Service Center.

15.) Plaintiff was placed on B-status in A-Module as a Non-disciplined Inmate.

16.) Plaintiff filed a request slip this same day addressed to "Lieutenant" about problems concerning his life and safety due to threats he was recieving from other Inmates from both A-and-B Module and plaintiff asked to be placed in Protected Custody (P.C.)

17.) On Jan 18th, 2014 Defendant Sayles Ordered plaintiff to be moved to D-Module, based on the request he entered.

18.) D-Module is a Mental Health Module Only for Mental Health Inmates, Not P.C Inmates.

Continued Factual statement;

19.) It was believed that Plaintiff was still on B-status because I never received any discipline.

20.) Plaintiff was housed in D-Module for a total of 66 days from Jan 18th, 2014 to March 25th, 2014

21.) While housed in D-module plaintiff never got into trouble or discipline.

22.) Defendant Howard, treated plaintiff as if he was a disciplined Inmate/Management Problem.

23.) Everytime plaintiff left his cell he was handcuffed he had to have recreation in a locked cage.

24.) This treatment is strictly for disciplined inmates and not B-status/P.C Inmates.

25.) While housed in D-module defendant denied plaintiff to speak with shift commander (Lieutenant) and denied Plaintiff to speak with somebody from the special Investigative Unit (S.I.U) concerning more threats on his life.

26.) On March 13th, 2014 plaintiff filed A level One Grievance on defendant Howard for denying plaintiff B-status privileges, and the right to speak to a lieutenant and (S.I.U).

Continued factual statement,

27.) On March 13th, 2014 defendant Howard warned Plaintiff, "you are Barking up the wrong tree Boy!" – for filing a Level One grievance on him.

28.) It is believed that defendant Howard dislikes any and all Inmates that try to go to p.c and this is why plaintiff was treated the way he was in D-module.

29.) Defendant Robert Sayles refused to send plaintiff a level II grievance form to file on issues stated in number 25-26.

30.) In result plaintiff was moved from D-module and placed in F-module On March 25th, 2014.

31.) Plaintiff was again downgraded to Administrative C-Status. C-Status is to only be for Inmates who have a problem following D.O.C rules.

32.) Plaintiff still was not disciplined for anything.

33.) It is believed that defendants Howard, and Sayles Ordered this downgrade based on me filing grievance

34.) In Order for an Inmate to be downgraded to Segregatic and/or C-status he must first see a classification board, A C/O or Lieutenant can't downgrade a prisone

Continued factual statement,

35.) Plaintiff never seen a classification board to be downgraded to C-Status, until the Month of April

36.) Plaintiff explained his situation concerning his safty and recommended to be placed on P.C Status in C-Module with other P.C. Inmates and P.C privileges

37.) Defendants Ward, Amaral, Bouchard, and Doyle collectively the "Classification board." Stated "you are not going to P.C

38.) Classification Board made plaintiff remain on administrative C-Status knowing plaintiff did not belong on C-Status with less privileges he had on B-Status.

39.) This treatment is done to Inmates who file grievance and write D.O.C staff up, you get downgraded as retaliation.

40.) Investigator Begonas gave plaintiff the right to make One (20) minute phone call per week or two (10) minute phone calls a week.

41.) Based on plaintiff's history for writing staff members up, defendants Duarte and Galligan took plaintiffs phone calls and limited him to One (10) minute phone call a Month.

Continued factual statement,

42.) On June 17th, 2014 plaintiff give defendant Duarte a request slip for S.I.U Begones complaining about defendants Galligan and Duarte taking his phone calls.

43.) After the plaintiff wrote up defendants Duarte, and Galligan, Plaintiff was then Moved to E-Module which is Segregation as retaliation.

44.) plaintiff was only being told he was in Segregation under Investigation.

45.) On June 21st, 2014 plaintiff wrote yet another slip to S.I.U Begones and asked why he was under Investigation.

46.) June 21st, 2014 defendant Calise refused to sign the slip and tossed it in the garbage.

47.) Defendants Duarte and Calise while passing out food tray's warned the plaintiff he's only in Seg for "writing Lt.Galligan up."

48.) On June 22nd, 2014 plaintiff wrote another request slip to defendant Sayles for a grievance form and gave it to Second Shift Defendant Porter.

49.) Defendant Porter refused to sign this slip and stated that "If I keep going I am going to face discipline.

Continued factual statement

50.) Plaintiff has been in Segregation for 40 days with no recreation under Investigation by defendant Galligan.

51.) During this 40 days plaintiff was told nothing about the so called Investigation besides "Writing LT Galligan up".

## IV. Claims for relief
### A. Retaliation.

52.) The refusal of defendants Porter and Calise to file request slips to speak with S.I.U Begones and for grievance forms to be filed on other Officers Constituted retaliation. for patitioning for redress of grievances and therefore Violated the Eighth amendment Under Cruel and Unusual punishment.

53.) The refusal of defendant Sayles to produce petitions With grievances to challenge prison regulations again prison staff Constituted retaliation. for the petitioni Government for redress of grievances and therefore Violated the first amendment.

54.) The refusal of defendant Howard to Allow plaintiff to speak with a Lieutenant and S.I.U Constituted retaliation of the Violation of the fourteenth amend Under the due process Clause.

Continued Statement

55.) Defendants Duart and Galligan transfering plaintiff to Segregation Under an Investigation for Writing them up Constituted cruel and Unusual punishment.

56.) Defendants Ward, Bouchard, Amaral, and Doyle wrongly downgrading plaintiff on c-Status Constituted retaliation of the Violation of the Eighth and fourteenth amendments under cruel and Unusual punishment and due process Clause.

57.) As a result of Defendants Bouchard, Ward, Amaral, Doyle, Howard, Duarte, Calise, Porter, and Galligan plaintiff recieved Serious Emotional Injury.

## V. Relief Requested

Wherefore, Plaintiff requests that this court Grant the following Relief:

A.) Declare that Defendants Doyle, Amaral, Ward and Bouchard Violated plaintiffs eighth amendment and fourteenth amendment under cruel and Unusual punishment and due process clause for Wrongly Classif him to C-Status.

B.) Declare that defendants Porter, and Calise Violated Plaintiffs eighth amendment under cruel and Unusual punishment and Deliberate Indifference by failing to forward request slips.

Continued Relief

C.) Declare that defendants Galligan and Duarte violated plaintiffs eighth amendment under cruel and unusual punishment after Moving him to Segregation for 40 days for retaliation.

D.) Declare that defendant Howard violated the plaintiff fourteenth amendment under the due process clause when Plaintiff was denied B-status privileges and denied the right to speak with a lieutenant and S.I.U.

E.) Award Compensatory damages for plaintiffs emotional Injuries and punitive damages against each defendant.

I. AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS.

1.) $20,000 Jointly and Severally against defendants Duarte and Galligan for the emotional Injury sustained from wrongly spending 40 days in Segregation without being disciplined.

2.) $25,000 Jointly and Severally against defendants Sayles, Porter and Calise for the denial of Grievances and fail to file plaintiffs request slips that led to plaintiffs emotional Injury.

3.) $20,000 Jointly and Severally against defendants Ward, Bou Amaral and Doyle for wrongly classifying plaintiff to C-sta

Continued Relief

4.) $8,000 jointly and severally against defendants Howard, for refusing to let Plaintiff with the Lieutenant and S.I.U.

    II. Award Punitive damages in the following amounts.

1.) $10,000 each against defendants Sayles, Porter, and Calise
2.) $20,000 each against defendants Duarte and Galligan
3.) $15,000 each against defendants Ward, Bouchard, Amaral and Doyle
4.) $5,000 against defendant Howard

    III. Grant such other relief as it may appear that Plaintiff is entitled.

10.17.14

Respectfully Submitted,

Darcy W. Forbes

Darcy W. Forbes, pro se
Cranston, RI 02920
P.O. Box 8200
H.S.C