UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DARCY W. FORBES, pro se,

      v.                               C.A. No. 14-322-ML

ASHBEL T. WALL, et al.

**MEMORANDUM AND ORDER**

The Plaintiff in this case of alleged retaliation[1], Darcy W. Forbes, ("Forbes") was, at all times pertinent to his complaint, incarcerated at the Adult Correctional Institution ("ACI") in Cranston, Rhode Island. The gravamen of Forbes' case is that he was "downgraded to Administrative C-Status" (apparently resulting in the imposition of additional safety measures and the loss of certain privileges) in retaliation for filing a grievance against a correctional officer at the ACI. The case is before this Court on the motion to dismiss by four of the remaining defendants (the Defendants").[2] For the reasons set forth herein, that motion is

---

[1] In his initial complaint (Dkt. No. 1), Forbes also asserted claims for "failure to protect," "negligent failure to protect," and "failure to classify." On October 7, 2014, two of those claims were dismissed with prejudice and the claim for "negligent failure to protect" was dismissed without prejudice to being brought in state court. Memorandum and Order (Dkt. No. 5 at 12-13).

[2] The four defendants seeking to dismiss Forbes' retaliation claim against them are Lt. Thomas Doyle ("Doyle"), Clinical Social

1

GRANTED.

## I. Factual Background and Procedural Summary

According to Forbes' Amended Complaint (the "Complaint," Dkt. No. 7), on January 17, 2014, he was moved from the ACI Intake Service Center to the High Security Center. Complaint ¶ 14. At that time, Forbes was classified as "B-Status" in the A-Module. Complaint ¶ 15. On January 18, 2014, Forbes was moved to the D-Module "based on the request he entered." Complaint ¶ 17. As set forth in Forbes' original complaint (Dkt. No. 1), he "wrote a request slip ... about Problems concerning his life and safety due to threats he was receiving from other Inmates in A-Module & B-Module & [he] ask [sic] to be Placed in Protective Custody." Dkt. No. 1 at ¶ 22. Forbes asserts that he was housed in D-Module for sixty-six days, during which time he "never got into trouble or discipline." Complaint at ¶¶ 20, 21. He further alleges that he was treated as a "disciplined inmate/management problem," and that he was denied an opportunity to speak with the shift commander or a

---

Worker Caitlin Bouchard ("Bouchard"), Anthony Amaral, and Intake Services Coordinator John Ward ("Ward"). The other remaining defendants to this suit are Lt. William Galligan, Lt. Robert Sayles, and Correctional Officers Avelino Duarte, Clive Porter, John Howard, and Steven Calise.  Those six defendants have filed an answer to the Amended Complaint, in which they deny the claims against them and demand a trial by jury. (Dkt. No. 16). Claims against the five other defendants, including the Director of the Rhode Island Department of Corrections Ashbel T. Wall, Deputy Warden Alfred Leach, Lt. Joshua Macomber, and Investigators David Perry, William Begones, and Figerido were terminated on October 7, 2014, pursuant to this Court's Memorandum and Order (Dkt. No. 5).

member of the special investigative unit "concerning more threats on his life." Complaint at ¶¶ 22, 25.

According to Forbes, on March 13, 2014, he filed a grievance against Correctional Officer John Howard for being denied B-status privileges. Complaint at ¶ 26. On March 25, 2014, Forbes was moved from the D-Module and placed in the F-Module and his status was changed to "Administrative Confinement" or "Admin C. status." Complaint at ¶¶ 30, 31. On May 8, 2014[3], Forbes appeared before the Classification Board (the "Board," on which the four Defendants seeking dismissal of Forbes' suit served as members). According to Forbes, he "explained his situation concerning his safety and [he] recommended to be placed on p.c. [protective custody] status." Complaint at ¶ 36. In accordance with the decision by the Board, Forbes was classified as C-status. Complaint at ¶ 38. Although Forbes generally alleges that keeping him at the C-status level—which allows for fewer privileges than B status—is "treatment done to inmates who file grievances and write D.O.C. [Department of Corrections] staff up," Complaint at ¶ 39, he offers no factual support for, or additional examples of, such assertions.

On July 15, 2014, Forbes, *pro se*, filed a four-count complaint (Dkt. No. 1) against sixteen ACI officials and officers,

---

[3] Forbes asserts that the Classification Board sat in April 2014; however, he does not disagree with the Defendants' correction that the Board met on May 8, 2014.

together with (1) an application to proceed without prepayment of fees (Dkt. No. 2), and (2) a motion for appointment of counsel (Dkt. No. 3). Following the required screening pursuant to 28 U.S.C. §1915(e)(2) and 28 U.S.C. 1915A(b), the Court dismissed two of Forbes' claims outright; it dismissed Forbes' negligence claim without prejudice to being brought in state court; and it permitted Forbes to restate his retaliation claim. Any defendants not named in Forbes' original retaliation claim were also dismissed from the case. Memorandum and Order (Dkt. No. 5).

On October 17, 2014, Forbes filed an amended complaint against ten remaining defendants. (Dkt. No. 7). On April 21, 2015, six of those defendants (Galligan, Sayles, Duarte, Porter, Howard, and Calise) filed an answer to Forbes' Complaint. On the same day, the other four Defendants (Doyle, Bouchard, Amaral, and Ward) filed a motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 17). Forbes submitted a response in opposition to the motion on May 21, 2015 (Dkt. No. 20), to which no further reply was received.

**II.  Standard of Review**

The dismissal of a complaint for failure to state a claim is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. Such dismissal is indicated "if the complaint does not set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some

actionable legal theory.'" Lemelson v. U.S. Bank Nat. Ass'n, 721 F.3d 18, 22 (1st Cir. 2013)(quoting United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 384 (1st Cir.2011), *cert. denied*, --- U.S. ----, 132 S.Ct. 815, 181 L.Ed.2d 525 (2011) (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir.2008)). In determining whether a motion to dismiss should be granted, the Court considers whether "construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 8 (1st Cir.2011).

To withstand a motion to dismiss, the "complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" Katz v. Pershing, LLC, 672 F.3d 64, 72-73 (1st Cir.2012)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In other words, the plaintiff must "include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Katz v. Pershing, LLC, 672 F.3d at 73 (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir.2011) (quoting Iqbal, 129 S.Ct. at 1949)). However, "[n]on-conclusory factual allegations in the complaint must ... be treated as true, even if seemingly incredible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d at 12 (citing Iqbal,

129 S.Ct. at 1951)).

Generally, the Court does not consider any documents outside of the complaint without express incorporation, see, e.g., Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir.2001)("Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment"). However, the Court makes an exception "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993). Such documents "merge[] into the pleadings" and may be considered by the Court under a Rule 12(b)(6) motion to dismiss. Alternative Energy, Inc., 267 F.3d at 33.

### III. The Parties' Positions

The Defendants assert that (1) Forbes had no constitutional or statutorily protected liberty interest in his prison-inmate classification status; (2) prison administrators have broad discretion where to place prisoners within the correctional system; (3) Forbes' allegations that the Classification Board customarily retaliates against inmates who file grievances by downgrading their placement status is factually unsupported; and (4) based on Forbes' expressed concerns about his personal safety, his classification as

C-status was consistent with RIDOC policy No 15.11-3[4].

Forbes' response in opposition to the motion to dismiss, which also includes an "answer for summary judgment," addresses, at least in part, some of the affirmative defenses raised by the six defendants who are not part of the motion to dismiss now before the Court. In general, Forbes maintains that he was downgraded to C-status and placed in segregation for forty days in retaliation for filing a request slip to the Special Investigation Unit and/or for complaining about Lt. Galligan. Forbes acknowledges, however, that he had "enemy issues," of which he had made the Defendants aware. Forbes offers no further explanation or supportive facts for his earlier contention that inmates are generally downgraded in retaliation for filing a complaint against staff.

**IV. Discussion**

Forbes' allegations against the Defendants are limited to the assertion that the Defendants, in their capacity as members of the Classification Board, "made [Forbes] remain on administrative C-Status," which carried with it fewer privileges than B-status. Complaint at ¶¶ 37, 38. Forbes concedes that he "explained his situation concerning his safety" to the Board. Complaint ¶ 36. He

---

[4] Defendants submitted a copy of the RIDOC Policy and Procedure No. 15.11.3 as an exhibit to their motion to dismiss (Dkt. No. 17-1). The Policy provides that "[i]nmates are classified to "C" category when their pattern of conduct ... [i]ndicates maximum personal protection is required." (Dkt. No. 17-1 at Page 1 of 6).

also notes that he "recommended to be placed on p.c. [protective custody] status in C-Module with other p.c. inmates and p.c. privileges." Complaint at ¶ 36. In other words, Forbes sought a change in placement by bringing concerns for his personal safety to the attention of the ACI administration, but he was dissatisfied with the implemented changes because they carried with them a loss of certain privileges.

It is well established in Rhode Island that "the director of the Department of Corrections has unfettered discretion in the inmate-housing classification process." <u>Bishop v. State of Rhode Island</u>, 667 A.2d 275, 277 (R.I. 1995). The Classification Board, pursuant to R.I. Gen. Laws 42-56-31, reviews a prisoner-inmate's records and recommends a security classification to the director. The classification is put in effect after review and approval by the director. If the director disapproves the recommendation, the recommendation is returned to the Board for further study, review, and recommendation. In the event the director again disapproves the Board's recommendation, the director's decision is "final." R.I. Gen. Laws 42-56-31.

In light of the director's "total and exclusive *final* discretion to the classification and housing of persons committed to his custody," a prisoner-inmate has no liberty interest in his classification. <u>Bishop v. State of Rhode Island</u>, 667 A.2d at 277. Because "a protected state-created liberty interest within the

meaning of the due process clause of the Fourteenth Amendment arises only when a state places substantive limits on official discretion," and given the clear mandate of unfettered discretion set forth in § 42-56-31, it follows that there is no constitutional or statutorily protected inmate liberty interest in Rhode Island's prison-inmate classification system. Bishop v. State of Rhode Island, 667 A.2d at 277 (citing Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 462, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989)); McManus v. Wall, 29 Fed. Appx. 618, 618 (1st Cir. 2002)("Rhode Island has not created a protected liberty interest in its prison classification system."). Accordingly, Forbes' attempt to change his classification by bringing suit against ACI officers and officials is futile.

As to Forbes' allegations that his classification to C-status was done in retaliation for certain complaints he made, those allegations are entirely unsupported. Forbes immediately raised concerns about his personal safety when he was transferred from the ACI Intake Service Center to the High Security Center and he was promptly moved to a different module. Forbes then brought his concerns to the attention of the Board and he was classified as C-status. Pursuant to RIDOC Policy 15.11-3, inmates are to be classified to "C" category when their pattern of conduct "[i]ndicates maximum personal protection is required." Based on Forbes' stated concerns for his personal safety which he had

9

repeatedly raised to the ACI administration and before the Board itself, there is nothing to indicate that his classification as C-status was anything other than a protective measure.

Finally, Forbes' allegations that his classification was done in retaliation or that "downgrading" to a specific classification is routinely done in retaliation against complaining prisoner-inmates is entirely unsupported. Accordingly, the Court is of the opinion that Forbes' Complaint cannot withstand the Defendants' motion to dismiss.

## Conclusion

For the reasons stated herein, the motion to dismiss by Defendants Doyle, Bouchard, Amaral, and Ward is GRANTED and those Defendants are herewith dismissed from this case.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge

August 6, 2015